■ BERTHA VINER, Appellant, v. HUDSON TRANSIT LINES, INC., Respondent.— Plaintiff appeals from a judgment dismissing her complaint after a trial in the Supreme Court, Ulster County, before the court and without a jury. Appellant's action was to recover for personal injuries received while she was a passenger in defendant's bus. She boarded defendant's bus, bound for New York City, at Wurtsboro, New York, and took an aisle seat about in the

center of the bus. Some other passenger had placed a small piece of hand luggage in the rack over her head. Shortly after leaving Wurtsboro and while the defendant's bus was traveling down the east side of Bloomingburgh Mountain this piece of hand luggage became disloged from the rack and fell on the plaintiff's head and shoulders. It was then disclosed that the luggage contained a cat. Appellant's chief allegations of negligence were to the effect that the bus was operated improperly and with violent jerks and also that the driver permitted baggage to be stored in the overhead rack without a proper inspection. The driver of the bus testified that he did not operate the same with any violent jerks, and his testimony to that effect was corroborated by the only disinterested witness sworn, a nun who happened to be another passenger. What caused the baggage to fall is somewhat speculative but it may well be inferred that it was because of the activities of the cat. The driver denied that he knew about the presence of the cat in the luggage until after the accident happened. He did testify that before the bus left Wurtsboro he checked to see that all hand baggage was properly placed in the racks. There was testimony given by the disinterested witness that she heard the cat making noises sometime before the accident happened but there is no proof that the driver heard such noises while he was operating the bus or that he should have heard them under the circumstances. The passenger who brought the cat into the bus thus concealed violated a company rule which prohibits carrying animals in busses, but the trial court could well find that this violation occurred without the driver's consent or knowledge. Plaintiff invokes subdivision a of rule 36 of the Public Service Commission which prohibits the storage of baggage in such a manner as to interfere with the safety or comfort of any passenger, but we think the proof is insufficient to establish the violation of this rule. The luggage involved was a small hand bag of the same type and kind that passengers ordinarily place in the racks provided over the seats. Under all of the circumstances we think the plaintiff failed to prove that defendant was guilty of any negligence that was a proximate cause of the accident, and the trial court was justified in dismissing the complaint (*Morris* v. *New York Central & Hudson Riv. R. R. Co.*, 106 N. Y. 678). Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.